UNITED STATES of America,
Plaintiff–Appellee,

v.

Marcelino NAJERA–MORALES,
Defendant–Appellant.

No. 03–2186.

United States Court of Appeals,
Tenth Circuit.

Nov. 2, 2004.

David N. Williams, Asst. U.S. Attorney, David C. Iglesias, U.S. Attorney, Office of the United States Attorney, District of New Mexico, Albuquerque, NM, for Plaintiff–Appellee.

Erlinda V. Ocampo, U.S. Attorney's Office, District of New Mexico, Stephen P. McCue, Fed. Public Defender, Joseph W. Gandert, Office of the Federal Public Defender, Albuquerque, NM, for Defendant–Appellant.

Before SEYMOUR, HOLLOWAY, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT*

SEYMOUR, Circuit Judge.

Marcelino Najera–Morales was convicted of being found in the United States subsequent to illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a)(1) and (a)(2). He appeals the district court's denial of a mistrial for erroneous references to his criminal record and its refusal to grant him a downward adjustment for acceptance of responsibility. We affirm.

An undocumented person who has been previously deported may not reenter the country "unless ... the Attorney General has expressly consented to such alien's reapplying for admission." 8 U.S.C. § 1326(a)(2). An aggravated felony provision in the statute, section (b)(2), authorizes an increase in sentence but is not an element of the crime. *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Martinez–Villalva*, 232 F.3d 1329, 1331–32 (10th Cir.2000). Nevertheless, the district court denied Mr. Najera–Morales' motion in limine to exclude references to his criminal record at trial on the erroneous belief that the charged crime required proof of an aggravated felony.

During jury selection and at trial, the prosecutor and the district court made several references to Mr. Najera–Morales' criminal record, including prior felonies of kidnapping and reentry after deportation, and the court admitted an exhibit regarding a prior criminal conviction. The court subsequently recognized its error but denied Mr. Najera–Morales' motion for a mistrial, concluding that the references to his criminal record could be corrected by appropriate instructions to the jury.[1]

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The court's instructions to the jury cautioned that the indictment and lawyers' statements are not evidence, did not include the

■ We review the denial of a motion for mistrial for abuse of discretion. *United States v. McKissick*, 204 F.3d 1282, 1299 (10th Cir.2000) (citation omitted). In determining whether the court abused its discretion, we assess what effect any error "had or reasonably may be taken to have had upon the jury's decision ... [and] whether it had substantial influence." *United States v. Caballero*, 277 F.3d 1235, 1244 (10th Cir.2002) (quoting *Kotteakos v. United States*, 328 U.S. 750, 764–65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Mr. Najera–Morales contends the references to his prior convictions were inherently prejudicial due to their serious nature and similarity to the present charge. The government rightly concedes it should not have introduced Mr. Najera–Morales' criminal history, *see Martinez–Villalva*, 232 F.3d at 1331–32, but asserts the mistake was harmless because the evidence at trial was overwhelming.

The inculpatory evidence presented to the jury was strong. Mr. Najera–Morales had admitted to arresting officers that he illegally entered the country after being deported. At trial, he contended there was reasonable doubt about whether the attorney general had consented to his reentry, arguing in part that the INS's subsequent conduct indicated he had *de facto* permission to be in the United States. He based this assertion on the fact that he had applied for permanent residency with the INS in early 2001 and the INS thereafter granted him temporary work authorization, took from him nonrefundable fees totaling over $1400, and met with him over twenty times. It was not until February 2003 that the INS informed him his application was denied because he

had been previously deported, and then arrested him.

Mr. Najera–Morales' theory has no support in the law. The statute itself requires "express" permission. 8 U.S.C. § 1326(a)(2)(A). In holding this law does not require specific intent to reenter illegally, we have recognized that "Congress placed the burden of correctly obtaining permission from the Attorney General and reentering the United States legally on the alien." *United States v. Gutierrez–Gonzalez*, 184 F.3d 1160, 1165 (10th Cir.1999). Given the lack of viability of a theory of implied permission, and in view of the record evidence of his illegal reentry, we are satisfied the jury was not substantially influenced by the error. *See United States v. Anaya*, 117 F.3d 447 (10th Cir. 1997) (where evidence on a § 1326 charge was overwhelming, erroneous admission of prior felony conviction not reversible error). The district court did not abuse its discretion in denying the motion for mistrial.

Prior to sentencing, Mr. Najera–Morales objected to the presentence report's conclusion that he did not merit a two-level downward adjustment for acceptance of responsibility under sentencing guideline § 3E1.1, pointing out he had admitted when arrested to entering illegally after deportation and to doing so without applying for permission to reenter the country. The government countered that Mr. Najera–Morales went to trial to negate his factual guilt and that he argued the government failed in its burden to prove he did not have permission to enter the country.

The guideline makes clear that a defendant who goes to trial may only qualify for the adjustment in "rare situations," such

prior conviction for aggravated felony as an element, and advised that the exhibit regarding the previous conviction had been with-

drawn as irrelevant to any element of the crime.

as attempting to "preserve issues that do not relate to factual guilt," like a challenge to the constitutionality of a statute or to the applicability of the statute to a defendant's conduct. U.S.S.G. § 3E1.1, cmt. n. 2. The district court overruled Mr. Najera–Morales' objection, explaining:

> I looked at whether it was an argument as to the application of the statute to him, and I don't see that that fits, either, because of the fact that the issue is his confusion about being permitted to remain in the United States, and that's not what he was charged with.[2] The charge here is that he again illegally reentered. He knew he reentered illegally when he did so. I think he thought that somehow that was salvaged, or cured by the fact that he was getting these legal permits. I'm sorry that ... he was unable to understand how this works, but as a result, then, I don't believe that it would be appropriate or lawful for him to get acceptance of responsibility.

> If I could award it, I would, because I think he accepts his responsibility, but given the confines of the acceptance of responsibility case law in the Tenth Circuit, it has to be challenging the Constitutionality of the statute or the applicability of a particular statute to the case.

> I've explained why I don't believe that that is appropriate.

Rec., vol. 5, at 18–19.

■ We review a district court's interpretation of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Bailey,* 327 F.3d 1131, 1147 (10th Cir.2003) (quotation omitted). Because the district court is in an unique position to evaluate a defendant's acceptance of responsibility, its determination is entitled to great deference. U.S.S.G. § 3E1.1, cmt. n. 5.

Mr. Najera–Morales contends the court incorrectly understood its authority to depart, asserting that he did in fact challenge the applicability of the statute by contesting the legal interpretation of whether the facts in his case could have implied permission. He highlights that the court actually found he had accepted responsibility for the unlawful reentry. He also claims the adjustment is supported by the fact that he had a sincere, albeit erroneous, view of the law. We are not persuaded.

This case is not like *United States v. Gauvin,* 173 F.3d 798, 806 (10th Cir.1999), where we upheld an acceptance of responsibility adjustment for a defendant who went to trial to challenge whether his factual state of mind legally rose to the required level of intent. Mr. Najera–Morales' concern is with the court's application of the guidelines to the facts of his case, not its legal interpretations. He clearly contested his factual guilt at trial by arguing the government failed to prove he reentered the country without permission. Although the court found he had "accepted responsibility," it held this acceptance did not meet the standard for an acceptance of responsibility as defined by the guidelines. It concluded that his theory of subsequent "de facto" permission was not relevant to his conviction because the illegal reentry had already occurred. His theory could not, therefore, be the basis for a challenge to the statute's applicability to him. Even if misapprehension of the law were a ground for the acceptance of responsibility adjustment, the court found Mr. Najera–Morales was not confused about the law under which he was convicted because he knew it was illegal for him to enter the

---

**2.** In noting that he was not charged with illegally "remaining" in the country, the district court appeared to be distinguishing the unlawful reentry of removed aliens from a situation where an individual has overstayed his authorization to be in the country.

country without permission.[3] We do not believe the court misunderstood its authority to grant an acceptance of responsibility reduction and we decline to overturn its decision to deny the reduction.

We **AFFIRM.**

---

**3.** This case is therefore unlike those cited by Mr. Najera–Morales, where the defendants did not understand the legal consequences of their actions, *see United States v. Miller,* 22 F.3d 1075, 1081 (11th Cir.1994); *United States v. Schultz,* 917 F.Supp. 1343, 1353 (N.D.Iowa 1996), or where the defendant challenged the government's legal theory that venue was proper, *see United States v. Fells,* 78 F.3d 168, 171–72 (5th Cir.1996).